UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRACE ALBANESE, )
                Plaintiff(s), ) Case No. 2:16-cv-00529-KJD-NJK
)
vs. ) **ORDER**
)
FEDERAL BUREAU OF INVESTIGATIONS, )
                Defendant(s). )
)

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff has also submitted a complaint. Docket No. 1-1.

**I.**  ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

**II.**  **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When

1  a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
2  complaint with directions as to curing its deficiencies, unless it is clear from the face of the
3  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
4  1103, 1106 (9th Cir. 1995).

5        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
6  for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
7  essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th
8  Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing
9  that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.
10 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more
11 than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft
12 v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court
13 must accept as true all well-pled factual allegations contained in the complaint, but the same
14 requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the
15 elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.
16 Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible,
17 the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint
18 are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627
19 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required
20 after *Twombly* and *Iqbal*).

21       The complaint in this instance says only that Plaintiff is suing Defendant for "[l]ack of due
22 process and warrantless surveillance." Docket No. 1-1. No facts are provided of any kind. As such,
23 Plaintiff's complaint fails to comply with Rule 8's requirement to provide a short and plain statement
24 of the claim, and fails to state a claim pursuant to Rule 12(b)(6). The Court will allow Plaintiff an
25 opportunity to amend the complaint to comply with the above standards. The Court cautions
26 Plaintiff that any amended complaint must provide sufficient factual detail for the Court to
27 understand the nature and basis for the claim she seeks to bring. The allegations must also be
28

sufficiently detailed to state a plausible claim for relief.  If Plaintiff is not able to meet these standards, she will not be able to proceed with her case.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **April 1, 2016**, to file an Amended Complaint, if she believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: March 11, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge